UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

William J. Davis,

       Plaintiff,

                                                    Case No.: 1:12-cv-351

  v.

                                                    Judge Michael R. Barrett

CEVA Logistics,

       Defendant.

**OPINION & ORDER**

This matter is before the Court upon Defendant CEVA Logistics U.S., Inc.'s Partial Motion to Dismiss Plaintiff's Complaint. (Doc. 2). Subsequent to the filing of Defendant's Motion, Plaintiff amended his Complaint. (Doc. 5). Accordingly, Defendant filed its Partial Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 6). Plaintiff has filed a Memorandum in Opposition (Doc. 7), and Defendant has filed a Reply (Doc. 8).

An amended complaint supercedes all prior complaints. *B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267, n.8 (6th Cir. 2008). Accordingly, the Court finds that Defendant's Partial Motion to Dismiss Plaintiff's Complaint. (Doc. 2) is DENIED as MOOT. The Court will now turn to Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint.

**I.    Background**

The following facts are alleged in the Amended Complaint. (Doc. 5). Plaintiff was an employee of Defendant. (Id., ¶ 1). Plaintiff was responsible for driving inventory product and other items from one Home Depot store to another within the greater

Cincinnati area. (Id., ¶ 14).

In August of 2010, Plaintiff had emergency gall bladder surgery. (Id., ¶ 9). Plaintiff was unable to return to work, and received short term disability benefits. (Id., ¶ 10). Plaintiff returned to work on November 10, 2010. (Id., ¶ 11). After Plaintiff returned to work, Defendant terminated Plaintiff's employment. (Id., ¶ 13). Defendant explained that it had lost its contract with Home Depot and there was no job available for Plaintiff. (Id.)

Plaintiff brings the following claims in his Amended Complaint: (1) disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and Ohio Revised Code Chapter 4112; (2) age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("the ADEA") and Chapter 4112.1; and (3) retaliation under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

Defendant moves to dismiss Plaintiff's claims alleging disability discrimination under the ADA and Ohio Revised Code Chapter 4112, and retaliation under the FMLA for failure to state a claim upon which relief can be granted. Defendant's motion does not address Plaintiff's claims for age discrimination under the ADEA or Ohio law.

**II.** **Analysis**

**A. Motion to Dismiss Standard**

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv,*

*Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. <u>Americans with Disabilities Act</u>

Title I of the ADA states that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "To make out a *prima facie* case of employment discrimination through indirect evidence under Title I, a plaintiff must show that '1) he or she is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced.'" *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011) (quoting *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007)).

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §

3

12102 (1) (A)-(C).[1]  The ADA provides that major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102 (2)(A).

Defendant argues that Plaintiff has not adequately alleged that he was disabled or regarded as disabled because he does not allege that he is substantially limited in one or more of the major life activities.  Plaintiff responds that he is not required to allege each and every fact of his claim, but only the facts which support the requirements under the ADA.

Plaintiff is correct in so far as that Federal Rule of Civil Procedure 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct. No technical form is required."  *See also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 (2002) (employment discrimination pleadings need not "contain specific facts establishing a *prima facie case* of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).[2]

However, in *Sutton v. United Air Lines, Inc.*, the Supreme Court upheld the dismissal of the plaintiffs' ADA claims for failure to state a claim upon which relief can be granted because the plaintiffs failed to adequately allege that they were limited in the major life activity of working.  527 U.S. 471, 488-89 (1999).  The Court explained: "When the major life activity under consideration is that of working, the statutory phrase

---

[1] There are no allegations in the Amended Complaint which would support discrimination based on the theory that Plaintiff had a record of an impairment.

[2] The Sixth Circuit has recently reiterated that *Swierkiewicz* remains good law after the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012).

'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Id.* at 491.

Accordingly, courts have found that the failure to allege any substantial limitations in a major life activity is grounds for dismissal. *See, e.g.*, *Johnson v. Fresh Mark, Inc.*, 337 F. Supp. 2d 996, 1001 (N.D. Ohio 2003) *aff'd*, 98 F. App'x 461 (6th Cir. 2004) (failure to state ADA claim where plaintiff failed to specify what major life activities have been affected by her condition); *Jones v. STOA Int'l/Florida, Inc.*, 422 F. App'x 851, 853 (11th Cir. 2011) (failure to state ADA claim where plaintiff did not allege how, aside from missing work for several days, any major life activity was impaired or perceived to be impaired by her staph infection, or that she suffered or was regarded as suffering from any long-term impacts); *Lopez Hernandez v. Municipality of San Juan*, 206 F. Supp. 2d 243, 250 (D.P.R. 2002) (failure to state ADA claim where plaintiff failed to identify pivotal life activity and whether that life activity is considered a major life activity under the ADA). Similarly, in reviewing "regarded as" claims for a failure to state a claim, courts have required that a plaintiff allege which major life activity the employer regarded as impaired. *See, e.g.*, *Kaiser v. Banc of Am. Inv. Services, Inc.*, 296 F. Supp. 2d 1219, 1221-22 (D. Nev. 2003) (citing *Mattice v. Mem'l Hosp. of South Bend, Inc.*, 249 F.3d 682, 685 (7th Cir. 2001) (explaining *in dicta* that if a claim is based on the impairment of the major life activity of working, then *Sutton* requires plaintiffs to plead that they are perceived as unable to work in a broad class of jobs)).

Here, Plaintiff merely alleges that "[w]hen Plaintiff had his gall bladder surgery, because of his disability, he was unable to return to work . . . ." (Doc. 5, ¶ 10.) Even if the Court were to read this statement to indicate that Plaintiff alleges he was

5

substantially limited in the major life activity of working, Plaintiff has not alleged that he was unable to work in a broad class of jobs or that Defendant perceived him as unable to work in a broad class of jobs. Therefore, Plaintiff has failed to adequately allege that he was substantially limited in a major life activity, and Plaintiff's claim for disability discrimination under the ADA is DISMISSED.

### C. Disability discrimination under Ohio law

Given the similarity of the language used in the ADA and Chapter 4112, the Ohio Supreme Court has held that federal regulations and case law are applicable to disability discrimination claims brought under Chapter 4112. *Columbus Civil Serv. Comm. v. McGlone*, 697 N.E.2d 204, 206-207 (1998).

Because Plaintiff has failed to adequately allege that he was substantially limited in a major life activity, Plaintiff's claim for disability discrimination under Ohio Revised Code § 4112.01 is DISMISSED.

### D. Family Medical Leave Act

Defendant argues that Plaintiff has failed to allege facts showing that he was an "eligible employee" under the FMLA. Plaintiff responds by admitting that he has no paperwork or other information that the Family Medical Leave Act was invoked. Plaintiff requests time to conduct discovery on this claim.

The Supreme Court has noted that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Accordingly, Plaintiff's claim for retaliation under the FMLA, as it is currently plead, must be dismissed. Plaintiff may

make a timely amendment to his complaint when he has the facts to support his FMLA claim.

### III.    Conclusion

Based on the foregoing, Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 2) is **DENIED as MOOT**; and Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 6.) is **GRANTED**.  Accordingly, the Court dismisses Plaintiff's claims for disability discrimination under the Americans with Disabilities Act and Ohio Revised Code Chapter 4112; and his claim for retaliation under the Family Medical Leave Act.  Plaintiff's claims for age discrimination under the ADEA and Ohio law remain pending.

**IT IS SO ORDERED**.

                                                    */s/ Michael R. Barrett*
                                                    United States District Judge